## CHARTERS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 29, 1923.)

No. 3127.

**1. Criminal law ⬅︎149—Evidence held to show prosecution barred by limitations.**

In a prosecution for violating Act Sept. 26, 1918, relating to the duties and conduct of Federal Reserve Bank officers, evidence that the items alleged to have been embezzled by defendant were accomplished by indorsements on a depositor's time certificate, all the transactions being more than three years prior to the date of the return of the indictment, *held* to conclusively show the prosecution barred by limitations.

**2. Banks and banking ⬅︎257(3)—Evidence held insufficient to sustain conviction.**

In a prosecution for violation of Act Sept. 26, 1918, relating to the duties and conduct of Federal Reserve Bank officers, evidence *held* insufficient to sustain a verdict convicting defendant of having embezzled bonds belonging to a depositor.

In Error to the District Court of the United States for the District of Indiana.

Criminal proceeding against Charles M. Charters for embezzlement and defrauding depositors of a national bank. From a verdict and judgment of conviction, defendant brings error. Reversed.

James W. Noel, of Indianapolis, Ind., for the United States.

Frederick Van Nuys, of Indianapolis, Ind., for defendant in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff in error, a former cashier of the Citizens' National Bank, of Peru, Ind., was tried, convicted and sentenced for violating the Act of September 26, 1918 (40 Stat. 967), relating to the duties and conduct of Federal·Reserve Bank officers. He was charged in six counts of the indictment with embezzling, paying to himself, abstracting and defrauding the bank, and also defrauding a certain depositor of the bank. He was found guilty on all counts, and sentenced to serve a term of four years in the penitentiary and to pay a fine of $2,000 on each count. By the terms of the judgment, the separate imprisonment terms ran concurrently.

Numerous assignments of error·appear, but one only requires consideration. The defendant relies upon the statute of limitations. The indictment was returned the 9th day of December, 1920. The government's theory is that plaintiff in error, while cashier, transacted considerable business with a depositor, G. M. Tillett, whose deposits were always represented by certificates of deposit rather than by a checking account; that is to say, when the depositor had any money to deposit,'or drew any interest upon certificates, and the same was placed in the bank, a new certificate was issued. If, between the date of its issuance and the date it matured or was canceled, the depositor needed any money, he received it and there was indorsed upon the back of the certificate a statement of the amount thus withdrawn.

On October 10, 1917, this depositor, through the Citizens' National

Bank, subscribed for $8,000 of the Second Liberty Loan; the subscription being taken by plaintiff in error. On the 13th day of December, the depositor turned over certificates, aggregating approximately $8,000, in payment of these bonds and received a receipt from plaintiff in error for $8,000. The certificate for $7,000 later showed credits as follows: March 26, 1917, $1,000; April 19, 1917, $2,000; May 29, 1917, $3,000. These indorsements must have been made on or after December 13, 1917, and by the plaintiff in error. The depositor stated he never withdrew any sum of money upon these three dates, and the receipt of plaintiff in error given December 13th for $8,000 rather conclusively substantiates the depositor's story.

[1] All three of these transactions, these abstractions or embezzlements, however, were more than three years prior to the date of the return of the indictment. Concerning these transactions and their dates, the record is conclusive, and the defendant has, so far as they are concerned, brought his case within the protection of the statute. No controversy respecting the law has arisen between counsel, and we therefore take up the remaining transaction, which also is one purely of fact.

Plaintiff in error, instead of purchasing $8,000 of Liberty Bonds, ordered only $2,000 of such bonds. The government contends that he never purchased the two bonds that were later found in an envelope with the name of G. M. Tillett written thereon until after December 13, 1920. Had Mr. G. M. Tillett received his $8,000 worth of bonds for which he had subscribed, and had the bonds when they arrived been placed in his box, he would have had $10,000 worth of Liberty Bonds of all issues. However, when he opened his box, there were but $4,000 of bonds. No satisfactory explanation of their absence was made, and plaintiff in error (no longer with the bank) purchased $6,000 of bonds of this second issue and turned them over to the bank for Tillett.

It appears that in the bank among the depositor's papers there was found an envelope containing two bonds of the second issue of $1,000 each, numbered 1,442,328 and 1,442,329. But it is claimed that J. H. Tillett, a relative, who purchased $3,150 worth of bonds, received a receipt for the two bonds of the above serial numbers. To him, however, were delivered other bonds. In other words, G. M. Tillett purchased $8,000 worth of bonds, and J. H. Tillett purchased $3,150; the latter purchase being represented by five bonds of the second issue. J. H. Tillett received all of his bonds, three being in denominations of $1,000. But G. M. Tillett received but two $1,000 bonds.

The receipts and other bank book records indicate two of the five bonds purchased by J. H. Tillett may have found their way to the box of G. M. Tillett and that two of the G. M. Tillett bonds were placed in the box of J. H. Tillett. In other words, J. H. Tillett obtained the correct amount of bonds and in the exact denominations represented by his subscriptions. The serial numbers, if indicative of the dates of issue, can have no significance, and are in this case not at all persuasive, in view of the large number of bank transactions in Liberty Bonds and the confusion incident thereto arising out of the

failure of the bank to keep separate accounts showing the ownership of particular bonds.

There is an utter failure on the part of the government to show that the two bonds delivered to G. M. Tillett were not purchased at the subscription date and transferred to Mr. Tillett immediately following their receipt by the bank.

[2] J. H. Tillett received the bonds he subscribed for, and G. M. Tillett received two of the $1,000 bonds. The record fails to show, and the bank books fail to disclose, what serial numbered bonds either should have received, and we conclude there is no evidence to sustain the alleged embezzlement of $2,000.

There is no support for any finding of embezzlement of the $2,000 of bonds, and the other offenses which the testimony tends to establish occurred more than three years prior to the return of the indictment.

It follows, therefore, that the judgment must be and it is hereby reversed.